This is a suit to establish a trust on land, title of which is in the defendant.
Complainant is a hard working woman with several children, one of them, a son, being the defendant. In 1917 the son had a small savings bank account in his own name which at that time was made a joint account with his mother, he then being about to enter the army. In 1919 the house in question was bought, the first payment being made by a draft drawn by the mother against the joint account, and title was taken in the name of the son alone. At that time and for many years the parties were on good terms. The mother occupied the house with her family, including her husband and the defendant, and several boarders. Complainant paid all the expenses including taxes, repairs and painting. No question apparently was raised as to the ownership of the premises or the rights or interests of the parties therein, until the son's marriage. Discord then arose and the son ordered his mother out of the house, whereupon she brought this suit. *Page 491 
Where a person furnishes money for the purchase of real estate with the understanding that he shall have an interest therein, a resulting trust ensues for the benefit of the person furnishing all or part of the purchase price, even though title be taken in the name of another. Such a transaction is not within the statute of frauds. Baker v. Baker, 75 N.J. Eq. 305.
I consider that complainant has sufficiently shown a contribution by her so as to come under this rule. Her testimony, confused as it is as to some details, is corroborated by other testimony and very strongly by the subsequent conduct of the parties, and to a certain extent by declarations made by the defendant. It seems abundantly clear from the testimony of all the witnesses that complainant considered the premises were to be her home the rest of her life and that defendant so stated. His present contention is that although he told her this, it was a mere promise on his part and not an acknowledgment of a right. There is testimony from other witnesses, however, as to declaration by defendant that complainant had an actual interest in the premises. This, and other testimony, corroborates hers — that she and her son were to own the premises together.
Complainant testified that after the premises were purchased it was agreed between her and defendant that her interest should be reduced to one-third instead of one-half because of extra moneys furnished by him for garages. She expresses herself as satisfied with this reduced interest and is to be taken by her as a waiver of the equal right which she otherwise would have because of the original joint enterprise in which they embarked when the premises were bought.
A decree will be advised giving complainant a one-third interest in the premises. Such decree on notice. *Page 492