In 1919 the husband of complainant contracted to buy the premises in question, on which was a two-family house, for $4,300, and to pay $187.50 in cash and the balance in monthly installments of $37.50. The husband and wife immediately took possession, occupying one floor and renting the other. In 1922 the husband died, leaving a son and the son's wife, the defendants. After the death of the husband the complainant continued in possession. In 1926 complainant was committed to the State Hospital at Greystone Park and remained there until the spring of 1927, when she was paroled in the custody of her son. In the autumn of 1927, the payments on the contracts being then in default, the son arranged with the vendor to take title which he did in January of 1928, paying the balance due under the contract, $2,980.25, by payment of $480.50 in cash and a purchase-money mortgage for $2,500.
Complainant contends that she made all the payments up to the time of the default out of her personal estate, that the *Page 128 
contract to purchase should have been in her name or in that of her husband and herself so as to make them tenants by the entirety, and that her son holds title to the property for her as equitable owner under a resulting trust.
Complainant was present when the contract was signed by her husband, but testified that she did not read the contract nor did she understand she should have been named therein. She and her husband were then and always remained on good terms and she had no reason to distrust him. The couple were inexperienced in such matters and undoubtedly ignorant of legal formalities. Under such circumstances what they did was consistent with what she claims was their intention.
It was proved to my satisfaction by the testimony of the complainant, corroborated by bank records, that she made all the payments under the contract, including the initial one, up to the time of her commitment, and did this from her separate estate. She likewise paid for improvements on the premises. During all the period of the contract, complainant worked and earned some money.
There was testimony as to declarations made by the husband at the time the contract was made to the effect that complainant had at least an interest in the premises. Strong corroboration of her understanding that she had an interest in the premises is found in the circumstance that for several years after the husband's death she continued to make the payments.
The rule of law applicable is that laid down in City NationalBank v. Hamilton, 34 N.J. Eq. 158 (at p. 162):
"Where a husband purchases land with the separate estate of his wife, and takes title either in his own name, or in that of a third person, a trust results in favor of the wife, and equity will decree a conveyance to her."
I shall advise a decree directing the defendants to convey the premises to complainant subject to the mortgage; and that there be an accounting as to the money withdrawn by the son during complainant's commitment and the sums expended by him on the premises. *Page 129