The complainant, who is of the age of eighty-nine years, alleges that on October 24th, 1920, she gave her son, Samuel W. Smith, the sum of $2,000 to purchase for her the premises 521 Hamilton Street, Harrison, New Jersey, and that contrary to her direction, he took title to the premises in his own name. Samuel W. Smith died October 24th, 1940. This suit seeks to have a resulting trust declared and the title to the premises transferred to the complainant. The defendant was appointed administratrix of his estate by the surrogate of Hudson County. Later, after this suit was started, a will executed by Samuel W. Smith was discovered, and it was probated before the said surrogate. A supplemental bill was consequently filed reciting certain provisions of the will.
The complainant is a widow who had been engaged in daily employment in a local factory. She saved money from her earnings and decided to invest it in the purchase of the premises 521 Hamilton Street, Harrison, New Jersey, which *Page 74 
adjoins her residence, 523 Hamilton Street. Never having had any business experience, she consulted the decedent about her plan. He was a merchant engaged in the operation of a large coal concern in the Town of Harrison, and, in addition, took an active interest in local municipal affairs. The complainant had faith in his integrity and judgment and accepted his advice without question. The building on the premises was badly in need of repairs. The advisability of buying the premises was discussed and the decision to buy was reached. The decedent told his mother it could be bought free and clear of all encumbrances for the sum of $1,900 and recommended the purchase. To acquire the title she, on or about October 24th, 1920, gave him $2,000, of which $1,900 was to be disbursed for the deed of conveyance and the balance of $100 was to be applied to the expenses incident to the costs of examining the title.
Shortly thereafter the decedent told the complainant that estimates for repairing the premises amounted to the sum of $2,000. To meet such cost she gave him the amount named. He alone attended to the transfer of the title. He caused the building to be repaired and the property thereafter rented. He took charge of the rent collections and assumed general supervision of the property. It was understood that from the rent receipts he was to deduct the charges of maintenance, and the balance remaining therefrom he was to turn over to complainant.
The complainant, relying upon decedent's promises, assumed that he had followed her instructions and had the title to the premises placed in her name. She retained that belief for several years, or until she had occasion to go to the office of the tax collector of the Town of Harrison. She then and there learned that the title to the premises was held by her son, the decedent. She confronted him with the information she had acquired at the tax office. He thereupon convinced her that it was to her advantage to have the title remain in his name; that he held it for her and he would convey it to her at any time she requested him to do so. She was satisfied with his explanation and assurances, and she permitted him to hold the title. *Page 75 
When the decedent received the deed to the premises in 1920, there were taxes due and remaining unpaid from the year 1905. Those taxes he did not pay. In 1936 complainant was informed that there were arrears for taxes against the property which amounted to $1,651.99. The decedent should have paid them; he did not; the complainant did. It is to be borne in mind that when the complainant gave the decedent the sum of $2,000 to purchase the premises, it was with the explicit direction that that sum was for the purchase of the title free and clear of all encumbrances.
Complainant's testimony of her instructions to her son to purchase the premises, and to take the title thereof in her name, and of the payments of the sums aforesaid to him, stands corroborated, and is convincing. I am satisfied that she has sustained the allegations of the bill of complaint. The facts and proof warrant the conclusion that the decedent held the premises in trust for the benefit of the complainant. She is entitled to the relief she prays for.
It is clearly apparent that a relationship of trust and confidence existed between the decedent and his mother, the complainant. She had faith in his promises to her. She believed in him, confided in him, and trusted him. Her belief, confidence, and trust the decedent evidently lightly regarded. When she confronted him with the evidences of his failures he convinced her that she would be secured and protected. Presumably, with that idea in mind, he by his last will and testament devised the said premises to his trustees and directed them to pay the net income arising therefrom to the complainant for the period of her life.
The cases enunciating principles applying to the situation under consideration are numerous in this state. Among them are:City National Bank v. Hamilton, 34 N.J. Eq. 158; Lykles v.Lykles, 109 N.J. Eq. 490; 158 Atl. Rep. 105; Levi v. Levi,111 N.J. Eq. 127; 161 Atl. Rep. 835; Gordon v. Griffith, 113 N.J. Eq. 554; 168 Atl. Rep. 57; Szpak v. Szpak, 114 N.J. Eq. 143;168 Atl. Rep. 386; Mott v. Iossa, 119 N.J. Eq. 185;181 Atl. Rep. 689.
 I shall advise a decree for the complainant. *Page 76